UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANNE A. HORRELL,<br><br>    Defendant. | No. 2:18-cv-1817 KJM AC<br><br>ORDER |

        Plaintiff initially commenced this action under the Americans with Disabilities Act ("ADA") on June 25, 2018. (ECF No. 1.) Thereafter, on August 2, 2018, defendant filed an answer to the complaint. (ECF No. 4.)

        On August 8, 2018 defendant requested the court stay this case and order an early evaluation conference under California Civil Code § 55.54(d). (ECF No. 5.) Federal district courts routinely deny such requests. *See, e.g.*, *Daubert v. City of Lindsay*, 37 F. Supp. 3d 1168, 1180 (E.D. Cal. 2014) (finding Cal. Civ. Code § 55.54(d) is preempted by the ADA and does not govern state law claims because it is a procedural rather than substantive rule under *Erie Rail Co. v. Tompkins*, 304 U.S. 64 (1938) and related cases). Defendant's motion under California Civil Code § 55.54(d) is DENIED.

/////

/////

1

Nonetheless, in the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, IT IS HEREBY ORDERED that:

1. This action is STAYED except as set forth herein and all previously set deadlines and hearings are VACATED pending further order of the court.
2. The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.
3. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.[1] Within seven (7) days of notifying the VDRP administrator, the parties shall file a notice of participation on the court's docket.
4. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

/////

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

5. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

IT IS SO ORDERED.

DATED: August 10, 2018.

_____
UNITED STATES DISTRICT JUDGE